972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
EXECUTIVE FUND LIFE INSURANCE COMPANY, Appellee,
v.
ACCELERATION LIFE INSURANCE COMPANY, Appellant,
v.
PLAN ADMINISTRATORS, INC., Appellee.
 No. 91-2972EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 15, 1992.
Filed: August 14, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, FRIEDMAN,* Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Acceleration Life Insurance Company appeals from a declaratory judgment entered in favor of Executive Fund Life Insurance Company.
 
 
 2
 The District Court[1] held that Acceleration was responsible for the payment of medical expenses incurred by certain individuals insured under the Gulf Employers Trust II. The Court also ruled against Acceleration on its third-party complaint seeking indemnification from Plan Administrators, Inc. We affirm both decisions.
 
 
 3
 On June 1, 1984, the Gulf Employers Trust II was created for the purpose of making group health insurance available to employers in various industries. Centerre Trust Company was the trustee, and James D. Whatley and Dana L. Stump were the settlors. Under the trust agreement, the settlors were given the power to appoint an insurance company to accomplish the trust's stated purpose, and they selected Acceleration. In conjunction with its selection, Acceleration entered into an administrative agreement with Plan Administrators to administer the policies issued pursuant to the trust. The officers of Plan Administrators were James D. Whatley and Dana L. Stump.
 
 
 4
 On January 28, 1987, Whatley and Stump sent a letter to Acceleration, notifying it that its services were being cancelled as of April 1, 1987. Acceleration responded the next day. It stated that the letter served not to cancel Acceleration's participation in Gulf Employers Trust II, but instead to cancel the administrative agreement between Acceleration and Plan Administrators. Acceleration asserted that under the terms of the policy, only Centerre or Acceleration itself could cancel its involvement. Stating that it could not determine under what provisions of the trust agreement or pursuant to what authority Whatley and Stump had acted, Acceleration treated the letter as a termination of coverage of each individual member under the policy, but claimed that the policy itself remained in effect. On April 24, 1987, the trustee sent a letter to Acceleration retroactively cancelling the master policy as of April 1, 1987. Executive Fund Life Insurance Company was selected as the new insurer for the trust and subsequently paid the disputed claims in this case. It seeks to recover these payments from Acceleration.
 
 
 5
 The focus of this appeal is whether Acceleration was obligated under the Missouri Extension of Benefits Law, Mo. Rev. Stat. § 376.438 (1986), to provide coverage to those individuals who were disabled on April 1, 1987, the time Acceleration's policy was terminated on Executive's view of the case. This law ensures that people who are disabled when a group policy terminates have continuous insurance coverage for a period of at least 90 days. The District Court held that the letter sent by Centerre Trust Company on April 24, 1987, ratified the prior cancellation letter sent by Whatley and Stump on January 28, 1987. Thus, under Missouri law, Acceleration was required to provide extension of benefits for all covered persons disabled on April 1.[2]
 
 
 6
 While Whatley and Stump did not have actual authority to cancel Acceleration's services, the policy could be retroactively terminated if Centerre ratified their actions. "Under Missouri law[,] ratification is an express or implied adoption or confirmation by one person, with knowledge of all material matters, of an act performed on his behalf by another who lacked the authority to do so." Newman v. Schiff, 778 F.2d 460, 467 (8th Cir. 1985). This is exactly the situation we have here. While Whatley and Stump were not given the authority to cancel the policy, Centerre could ratify their act. The initial cancellation by Whatley and Stump was not, as Acceleration argues, a nullity. Whatley and Stump were hardly strangers to the situation. Centerre had the authority to cancel Acceleration's involvement both when Whatley and Stump initially acted and when it ratified their actions on April 24, 1987. See Restatement (2d) of Agency § 84 (1958). In addition, the intertwined relationship of the parties in this case indicates that both Acceleration and Centerre had sufficient knowledge of the facts to make this ratification binding. Furthermore, because Acceleration was aware of the purported termination on January 28, 1987, retroactive ratification did not prejudice it by disappointing any reasonable expectations on which it relied to its detriment.
 
 
 7
 We affirm the District Court's decision that Centerre ratified the actions of Whatley and Stump, making Acceleration liable for the extension of benefits to those individuals who were disabled when the policy was cancelled. Furthermore, we hold that Plan Administrators did not violate any of its duties under the administrative agreement. Thus, it is not required to indemnify Acceleration. The judgement is affirmed. See 8th Cir. Rule 47B.
 
 
 
 *
 The Hon. Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The Hon. Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 The Court found that there were fourteen people who were disabled when the policy was terminated. It awarded Executive $104,074.08, plus interest, an amount which equalled the benefits that Executive paid to cover the disputed claims